# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Taquan L. Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-02810-TMC |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina; Fourteenth ) | |
| Circuit Solicitor's Office; Isaac McDuffie ) | |
| Stone, III; Tameaka Legette, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging Defendants abridged his constitutional rights under the First and Fourteenth Amendments in connection with his state criminal proceedings. (ECF No. 1). Plaintiff also asserts claims under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-10 *et seq*. Plaintiff seeks injunctive and declaratory relief. (ECF No. 1 at 4). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 14), recommending that the court dismiss this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) without prejudice and without issuance and service of process, *id*. at 2–4.[1] Plaintiff filed objections to the Report (ECF Nos. 18 and 21), and the court is prepared to issue an order.

---

[1] The court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or presents "frivolous" claims, 28 U.S.C. § 1915(e)(2)(B)(i). And, under 28 U.S.C. § 1915A, even when a prisoner is not proceeding *in forma pauperis*, the court is required to conduct an early screening of a lawsuit where "a prisoner seeks redress from a governmental

Briefly, Plaintiff, an inmate assigned to Ridgeland Correctional Institution, alleges that he was convicted in Colleton County (South Carolina) General Sessions Court in June 2015 for voluntary manslaughter and possession of a weapon during the commission of a violent crime. (ECF No. 1 at 2). *See State v. Brown*, No. 2015-001447, 2017 WL 4817500, at *1 (S.C. Ct. App. July 26, 2017) (affirming Plaintiff's conviction). According to Plaintiff, new evidence subsequently came to light that would justify a new trial and result in a different outcome. (ECF No. 1 at 2). Plaintiff alleges he has filed a series of motions seeking a new trial in the state court of conviction, but he has been unable to obtain a hearing on these motions *Id*. at 2–3.

Plaintiff names as Defendants in this case the State of South Carolina; the Fourteenth Circuit Solicitor's Office; Isaac McDuffie Stone III, the Solicitor for the Fourteenth Circuit in Colleton County; and Tameaka Legette, also a state prosecutor in Colleton County employed in the Fourteenth Circuit Solicitor's Office. Plaintiff asserts that the Defendants have intentionally refused or negligently failed to schedule hearings on his motions for a new trial, thereby violating his First Amendment right of "access to the courts" and his due process rights under the Fourteenth Amendment. *Id*. at 3. Plaintiff seeks declaratory and injunctive relief; specifically, Plaintiff wants this court to issue an order requiring Defendants to place Plaintiff's motions for a new trial on the docket for the Colleton County Court of General Sessions. *Id*. at 4.

The Report notes that, although injunctive relief is generally available in § 1983 actions, a federal court should abstain from equitably interfering in Plaintiff's state criminal prosecution under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. (ECF No. 14 at 3). The magistrate

---

entity or officer or employee of a governmental entity" and identify cognizable claims or dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(a)–(b).

2

judge recognized the following test applied by the Fourth Circuit to determine whether *Younger* abstention is appropriate: whether "'(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings.'" (ECF No. 14 (quoting *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)).  The magistrate judge found that all three prongs are met in the circumstances presented here: Plaintiff asks this court to intervene and force a state criminal court to conduct a hearing on pending motions; South Carolina's interest in administering its own criminal justice system is extremely important; and Plaintiff can pursue his claims in state court.  (ECF No. 14 at 3–4).[2]  Accordingly, the Report recommends that the court dismiss this action without prejudice and without issuance and service of process on the basis of *Younger* abstention.  *Id*.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C.

---

[2] The court has reviewed the state court docket, taking judicial notice of the matters contained therein. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  It is unclear whether Plaintiff received a ruling from the state court on each separate motion for a new trial; however, at least one of these motions is still pending as Plaintiff filed a motion for reconsideration on October 16, 2025. *See* Colleton County Fourteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Colleton/PublicIndex/ PISearch.aspx (enter Brown, Taquan and 2013A1510100857 and 2013A1510100858 (last visited November 6, 2025).

3

§ 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally").  Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue."  *Elijah*, 66 F.4th at 460–61.  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

4

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

As stated, Plaintiff filed objections to the Report. (ECF Nos. 18 and 21).[3] First, Plaintiff contends *Younger* does not apply because he "is not asking this Court to STOP prosecution in state court," but merely seeks "the opportunity to have his motion heard before a court of law." (ECF No. 21 at 1). The court rejects this argument. *Younger* does not apply only where a federal court is asked to completely halt ongoing state criminal proceedings; rather, "[t]he Supreme Court decided in *Younger* that a federal court should abstain from exercising jurisdiction and not *interfere* with a pending state criminal proceeding by awarding injunctive or declaratory relief." *Martin Marietta Corp.*, 38 F.3d at 1396 (4th Cir. 1994) (emphasis added). Plaintiff is asking this court to do just that – interfere with the administration of an ongoing state criminal matter. The court declines to do so. *See Simpson v. White*, No. 6:20-cv-1825-JMC-KFM, 2020 WL 5535868, at *3 (D.S.C. Aug. 17, 2020) (recommending abstention under *Younger* where Plaintiff "request[ed] that the [federal district] court require the Florence County General Sessions Court [to] schedule a preliminary hearing on [pending state] charges"), *report and recommendation adopted*, No. 6:20-cv-01825-JMC, 2020 WL 5534284 (D.S.C. Sept. 15, 2020).

In his next objection, Plaintiff states that he has filed four "motions for a new trial, . . . wrote several letters [to] the defendants that was to no avail," and filed a petition for a writ of mandamus in the South Carolina Supreme Court which "declined to consider Plaintiff's petition." (ECF No. 21 at 2). Construing these objections liberally, the court finds that Plaintiff is arguing that the South Carolina state courts do not provide an adequate forum to raise his claims. But

---

[3] These documents are identical.

Plaintiff has failed to explain why he cannot raise his claims in state court—in fact, he has done so in his motions for a new trial. To the extent that Plaintiff bases his objection on the South Carolina Supreme Court's purported refusal to issue a writ of mandamus, a "[state] court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in [Plaintiff's] favor." *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013).

Finally, the court disagrees with Plaintiff's objection that he will suffer an irreparable injury that is "both great and immediate," *Younger*, 401 U.S. at 46, without intervention from this court in state criminal proceedings. "Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith." *Holland v. State of Fla.*, No. 5:20-cv-340-TKW/MJF, 2021 WL 2420148, at *5 (N.D. Fla. May 25, 2021), *report and recommendation adopted sub nom. Holland v. Fla.*, No. 5:20-cv-340-TKW/MJF, 2021 WL 2416373 (N.D. Fla. June 14, 2021). Plaintiff has made no such showing here.

## Conclusion

For the foregoing reasons, Plaintiff's objections (ECF Nos. 18, 21) are overruled. The court has reviewed the Report under a *de novo* standard and can discern no basis for deviating from the recommendations in the Report. The court agrees with and **ADOPTS** the Report (ECF No. 18), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 6, 2025

6

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.